UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN J. HUARD | : |
| | : |
| v. | :     C.A. No. 08-120S |
| | : |
| ESSEX COUNTY CORRECTIONAL | : |
| CENTER, ET. AL. | : |

**MEMORANDUM AND ORDER
PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On March 31, 2008, Plaintiff, Steven J. Huard, initiated this lawsuit by filing a Complaint. (Document No. 1). On May 6, 2008, Plaintiff's First Amended Verified Complaint was filed (Document No. 3) which was accompanied by a Motion to Proceed In Forma Pauperis ("IFP") without being required to prepay costs or fees, including the $350.00 civil case filing fee. (Document No. 4). After reviewing Plaintiff's Motion to Proceed IFP, Magistrate Judge Muirhead concluded that Plaintiff was unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 4) was GRANTED on May 20, 2008. On June 25, 2008, after recusal of all Judges in the District of New Hampshire, the case was referred to this Court and assigned to District Judge Smith.

Judge Smith referred this matter to me for screening following the grant of IFP status. Pursuant to Local Rule 4.3(d)(2)(a) and 28 U.S.C. § 1915(e)(2) this Court must review the claims set forth in the Complaint and dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted."

**Facts**

Plaintiff was arrested and taken into federal custody in June 2006 to face charges of bank robbery, conspiracy to commit bank robbery and use of a firearm in furtherance of a crime of violence. See United States v. Huard, C.A. No. 06-117. Plaintiff was initially detained at the Essex County Correctional Facility in Massachusetts. Plaintiff alleges that he had several prior healthcare concerns, including, "an ace tabular fracture on his right hip, liver disease, neuropathy, spinal injuries, sciatica nerve damages, pain management concerns and other chronic care needs." Am. Compl. ¶ 14. Plaintiff filed the present action under 42 U.S.C. § 1983. Plaintiff claims that his medical needs were not adequately met by Correctional Medical Services, the vendor which provides medical services to inmates at the Essex County Facility. Id. ¶ 16. Plaintiff seeks a preliminary and permanent injunction against Defendants to restructure and reimplement policies and procedure concerning the provision of healthcare to federal prisoners, and he seeks nominal, compensatory and punitive damages and costs in excess of $10 million. Id. ¶¶ 35-48. Plaintiff submitted voluminous exhibits which he contends support his claim that he received constitutionally inadequate medical care.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court

"should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court has taken all of the allegations in Plaintiff's Complaint as true and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Having reviewed the Complaint and relevant case law, this Court finds that Plaintiff has technically stated a claim upon which relief could be granted under 42 U.S.C. § 1983. Because Plaintiff has adequately plead a claim under Section 1983, the Amended Complaint can proceed past this initial screening phase. The Court offers no opinion as to the merits of Plaintiff's case, since the merits of his claim are not presently before the Court.

Because Plaintiff has been granted IFP status, the Court ORDERS that the U.S. Marshal for this District serve Defendants with a copy of Plaintiff's First Amended Verified Complaint

and this Order. Defendants shall have twenty (20) days from the date of receipt of this Order and the accompanying documents to file an Answer or other responsive pleading to Plaintiff's First Amended Verified Complaint.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 19, 2008