UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN J. HUARD | : |
| | : |
| v. | : C.A. No. 08-120S |
| | : |
| ESSEX COUNTY CORRECTIONAL | : |
| CENTER, et. al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on a Motion to Dismiss (Document No. 44) filed by Defendant Essex County Correctional Facility, Michael Marks and Frank G. Cousins, Jr. Plaintiff Steven Huard ("Plaintiff"), filed an Objection. (Document No. 62). The Motion has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR 72.1. I have determined that no hearing is necessary. After reviewing the parties' memoranda, in addition to performing independent research, this Court recommends that Defendants' Motion to Dismiss (Document No. 44) be GRANTED.

**A.    Facts**

Plaintiff, proceeding pro se, filed suit alleging that Defendants violated 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 231 § 60(b) when they were given notice of his medical needs and failed to appropriately address his concerns. (Document No. 3, Am. Compl., ¶¶ 13-27). Specifically, Plaintiff alleges that he was taken into federal custody on June 24, 2006 and held at the Essex County Correctional Facility ("ECCF") in Middleton, Massachusetts. Id. ¶ 13. Plaintiff states that prior to being detained, he had a fractured right hip, liver disease, neuropathy, spinal injuries,

sciatica, pain management concerns and other chronic care needs. Id. ¶ 14. Upon intake at ECCF, Plaintiff was taken to the infirmary and evaluated. See, e.g., Document No. 3-14 at 7. However, Plaintiff was continually dissatisfied by the medical treatment given while he was held at ECCF. Id. In his Amended Complaint he cites a few specific examples of alleged mistreatment. He claims, for example, that he was placed into observation for three days after his jaw was broken, and that he was not offered pain relief at that time. Document No. 3 at ¶ 24. After his jaw was wired shut, he claims he was not given appropriate food. Id. ¶ 25. Further, he claims that he suffered some complications from hip surgery while he was detained. Id. ¶ 26. In addition to the specific examples cited in his Amended Complaint, Plaintiff's numerous exhibits indicate that he disagreed with the ECCF policy which prohibited him from being treated with narcotics for long-term pain relief. Plaintiff filed numerous appeals and grievances concerning his claim that he was not being afforded appropriate medical treatment.

Plaintiff claims that Frank Cousins, the Essex County Sheriff, was given notice of his medical issues, "yet failed to address them appropriately under the rein and commands of his authority." Id. ¶ 18. He alleges that superintendent Michael Marks also "failed to take any affirmative or corrective measures-where under his title he has the authority." Id. ¶ 19.

**B.     Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the

allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). Additionally, in considering the Motion, the Court may consider "facts extractable from documentation annexed to or incorporated by reference in the complaint." Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005) Finally, this Court shall liberally review Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

    **1.**    **Essex County Correctional Facility**

Plaintiff captioned his Complaint as against "Essex County Correctional Center, et al" but in Section III, entitled "Defendants" Plaintiff does not list Essex County Correctional Facility as a Defendant. Likewise, in his request for relief, Plaintiff does not list Essex County Correctional Facility as a Defendant. (See Document No. 3, ¶ 37). Finally, there are no claims in the Amended Complaint that are specifically targeted at ECCF. Accordingly, with respect to ECCF, Plaintiff's Complaint is deficient as it fails to satisfy Rules 8 and 10 of the Federal Rules of Civil Procedure.

However, even if Plaintiff had included claims against ECCF under 42 U.S.C. § 1983, those claims would fail since ECCF is not a "person" that can be the subject of an action under that statute. See Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994). As a result, I recommend that ECCF be dismissed from the suit.

**2.     Sheriff Cousins and Superintendent Marks**

Defendant Frank Cousins, the elected Sheriff of Essex County, and Defendant Michael Marks, the Superintendent of ECCF, are sued under 42 U.S.C. § 1983 in both their official and individual capacities for their failure to address or take other action concerning Plaintiff's health care.

Plaintiff's Amended Complaint and Exhibits total roughly 363 pages and include medical records, requests to be seen by doctors, grievances by Plaintiff, and responses by various prison officials, including Superintendent Marks. In considering this Motion to Dismiss, the Court is not constrained to consideration of only those facts alleged in the Complaint. As noted, the Court may also consider "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir. 2005). The documents attached to Plaintiff's Complaint indicate that Plaintiff was evaluated at the ECCF infirmary on the day of his intake. Moreover, it is apparent that Plaintiff had numerous appointments with healthcare professionals, but was consistently displeased with the medical care he was provided. Although he includes several examples of his alleged medical mistreatment, it is evident that the primary issue for Plaintiff is his pain management and the pain control methods prescribed while he was detained at ECCF. Plaintiff's Amended Complaint, read in conjunction with the other materials he submitted, indicate that Plaintiff disagreed with the decision to control his pain with non-steroidal, anti-inflammatory drugs such as naproxen or ibuprofen, instead of through the use of prescription narcotic medications.

In a letter dated July 18, 2007, for example, Wayne Ward, the Health Services Administrator, explained to Plaintiff that the "philosophy" at ECCF is not to use narcotic drugs for "long term pain

management." In the letter, Mr. Ward explained to Plaintiff that there are clinical reasons that narcotics are not used for long-term treatment, including the side effects of long-term use. That letter was copied to Superintendent Marks. A short time later, Plaintiff wrote a letter in response, and claimed he "was taken off much needed medications..."when he entered ECCF. He also stated that he was aware of the side effects of narcotic medications but "had decided to live daily comfortably and withstand the pain through the use of narcotics." Plaintiff apparently believes it was his decision to use narcotic pain medications and that his failure to be prescribed narcotics while at ECCF amounted to a deprivation of his rights.

To hold Sheriff Cousins and Superintendent Marks liable under 42 U.S.C. § 1983, Plaintiff must state facts which plausibly entitle him to relief. Plaintiff has failed to do so. To state a claim under Section 1983 for denial of medical care, Plaintiff's Complaint must plead that prison officials were deliberately indifferent to his serious medical needs. See Chambers v. NH Prison, 562 F. Supp. 2d 197, 200 (D.N.H. 2007). The First Circuit Court of Appeals has stated that, "[d]eliberate indifference means that a prison official subjectively must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007) (internal citations omitted). The Court went on to note that, "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation." Id. In this case, Plaintiff clearly disagreed as to the appropriate course of treatment. He believed he should be prescribed narcotic medication for pain relief rather than non-narcotic alternative drugs. The Court of Appeals has been clear, however, that when "allegations simply reflect a disagreement on the appropriate course of treatment[, s]uch a dispute with an

exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 162 (1st Cir. 2006). In fact, in order to establish a claim, the care provided must be so inadequate as to "shock the conscience." Id.

In his Objection to the Motion to Dismiss, Plaintiff reiterates his claim that he was "denied the proper medical treatment needed concerning some serious medical needs that, yes, called for the use of narcotics due to thier [sic] nature where because of 'policy/ies' they had not been given." Document No. 62 at 2. The disagreement concerning the use of narcotic pain medication is insufficient to state a claim under 42 U.S.C. § 1983. Setting aside the dispute concerning his pain control, there are no other independent claims alleged in the Complaint that establish a right to relief under the "deliberate indifference" standard of review. The other claims, concerning complications from his surgery and a broken jaw, simply do not "shock the conscience" or allege an entitlement to relief under § 1983. On the basis of the Complaints and documents submitted, there is no evidence that either Sheriff Cousins or Superintendent Marks knew of any serious, unmet medical need to Plaintiff.

Additionally, although Plaintiff did not present any claims against Sheriff Cousins or Superintendent Marks under a respondeat superior theory, Plaintiff did reference both Defendants' "authority" to act concerning his health care. Moreover, in his Objection to the Motion, Plaintiff stated that his arguments in his Complaint are that "each of the Defendants [sic] negligence as being that in thier [sic] 'failure to intervene' in an authoritative perspective whereas whenever an inmates [sic] health and safety is at risk that they do in fact have the capabilities of there being an intervention." Document No. 62 at 2. Although not clear, the Court will assume Plaintiff was

asserting that the individual Defendant's supervisory positions are sufficient to impose liability on them for acts of others. This claim, too, fails under 42 U.S.C. § 1983. A supervisor cannot be liable strictly based on respondeat superior liability, see Aponte-Matos v. Toledo-Davila, 135 F.3d 182, 192 (1st Cir. 1998), but instead may only be found liable based on the supervisor's own actions or omissions. A supervisor may be found liable, for example, if there is both subordinate liability and an affirmative link between the supervisor's conduct and the acts of the subordinate. Id. at 192. In this case, even assuming the subordinates were found liable, the "affirmative link" prong of the test is not satisfied. The affirmative link set forth by the First Circuit Court of Appeals must amount to "supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference." Id. Neither the Complaint nor the documents attached to it allege or present claims that Sheriff Cousins or Superintendent Marks encouraged, condoned or acquiesced in any failure to address any serious medical need of Plaintiff. Likewise, there is no supported allegation of any gross negligence or deliberate indifference to Plaintiff's serious medical needs. Accordingly, there can be no supervisory or respondeat superior liability. For these reasons, I recommend that the claims against Sheriff Cousins and Superintendent Marks be DISMISSED.

**Conclusion**

For the reasons discussed above, I recommend that Defendants' Motions to Dismiss (Document No. 44) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 21, 2009