UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

STEVEN J. HUARD             :
                            :
v.                          :     C.A. No. 08-120S
                            :
ESSEX COUNTY CORRECTIONAL   :
CENTER, et. al.

## MEMORANDUM AND ORDER

Before this Court is Plaintiff's Motion for an Extension. (Document No. 76). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); D.N.H. LR 72.1. For the reasons set forth below, Plaintiff's Motion is DENIED.

On May 21, 2009, this Court issued two Reports and Recommendations. The first Report and Recommendation recommended dismissal of Plaintiff's pending claims against Defendants Essex County Correctional Facility, Michael Marks and Frank G. Cousins, Jr. for failure to state a claim. The second R&R recommended that Plaintiff's claims against Defendants Martha Coakley, Harold W. Clarke, Correctional Medical Services, Inc., Wayne Ward and Dr. Bradford Noll be dismissed pursuant to LR 7.1(b) for failure to file an objection to any of the pending dispositive motions. On March 30, 2009, District Judge Smith dismissed the pending claims against the U.S. Marshal for failure to file an objection. Thus, the two Reports and Recommendations issued on May 21, 2009 recommended that all of Plaintiff's remaining claims be dismissed. On June 4, 2009, Plaintiff filed the present Motion seeking sixty days to file a response to the two Reports and Recommendations.

In support of his request, Plaintiff states, "[t]hat the reasonings for him not being able to respond to the Defendants' Objections and Motions for Dismissal was not done deliberately or

intentionally." Document No. 76 at 1. Instead, he claims that "during the time frame in which he had been allowed by the Courts to respond, that the facility that he is being detained at had been locked down for security reasons." Id. at 2. Plaintiff alleges that as a result, he did not have access to the law library or other resources. Id. He claims that "more time is needed for him to respond properly and effectively." Id.

Although Plaintiff claims he seeks additional time to respond to the pending Reports and Recommendations, it appears that Plaintiff is seeking time to file substantive responses to the dispositive motions that were filed by the Defendants in January through April 2009. Either way, the reasons set forth in his Motion are not sufficient to support his request for an extension of time.

Plaintiff claims the facility at which he is incarcerated was "locked down" but he does not identify any specific dates when the facility was locked down, or any efforts he made to notify the Court as to his inability to access legal materials. Moreover, his claim is belied by the fact that he was able to file several Motions in this case in February 2009. Further, Defendant Stephen Monier submitted the Affidavit of Michael Sample, Acting Executive Assistant at the USP Canaan, Waymart, Pennsylvania, where Plaintiff is incarcerated. Mr. Sample's sworn Affidavit indicates that the Prison was in "modified movement status" for two weeks from April 14, 2009 through April 28, 2009. Document No. 78-2. During this time period, inmates were limited in their movement, but were instructed to alert prison staff if they needed access to legal materials. Mr. Sample indicates that Plaintiff never sought access to such materials during that two-week period.

In short, Plaintiff did not meet his obligation to file timely objections to pending dispositive motions, and thus ran the risk of dismissal of his claims. In addition, Plaintiff made no effort at the time to alert the Court as to any obstacles preventing him from filing timely objections or to request

more time to respond to the motions in question. Now, rather than filing "specific, written objections" as required by Rule 72, Fed. R. Civ. P., he simply seeks more time to respond to the two Reports and Recommendations.

Although Plaintiff is entitled to certain accommodations because of his pro se status, his pro se status does not excuse him from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). See also Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("[w]hile courts have historically loosened the reins for pro se parties...the 'right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.'") (internal citations and quotations omitted). Plaintiff did not follow the Local and Federal Rules of Civil Procedure, and his Motion seeking additional time to respond to the Reports and Recommendations is DENIED for lack of any showing of good cause for the request.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 25, 2009